**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABHISHEK SINGH**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRANS UNION, LLC dba TRANS UNION DRIVERS HISTORY**<br><br>**Defendant.** | ) | **CIVIL ACTION NO.**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Abhishek Singh, against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

## PARTIES

2. Plaintiff Abhishek Singh is an adult individual residing in the Commonwealth of Virginia.

3. Defendant Trans Union, LLC dba Trans Union Drivers History (hereafter "Trans Union") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

## JURISDICTION & VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's driver's history to third parties ("inaccurate information") from at least April 2025 through present.

7. The inaccurate information includes, but is not limited to, the reporting of at least five (5) driving violations for speeding, failure to display license plates, an expired state inspection and personal identifying information.

8. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's driver's history, Plaintiff's financial responsibility as a consumer and Plaintiff's worthiness for automobile insurance coverage and competitive automobile insurance rates.

9. The inaccurate information belongs to another consumer and not to Plaintiff. Due to Defendant's faulty procedures, Defendant mixed the consumer report of Plaintiff with that of at least one other consumer with respect to the inaccurate information.

10. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated to various persons and insurance agents, both known and unknown, from at least April 2025 through the present.

11. Plaintiff's consumer reports have been obtained from Defendant by such third parties from at least April 2025 through the present.

12. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of automobile insurance rate increases, loss of automobile insurance opportunities, defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation, and including physical symptoms of emotional distress.

13. The causal and/or substantial factor for these denials and high insurance rates was the inaccurate information that appears on Plaintiff's consumer reports.

14. Plaintiff has disputed the inaccurate information with Defendant by following the procedures for disputing the consumer credit information.

15. Plaintiff has disputed the inaccurate information with Defendant from May 2025 through the present.

16. Notwithstanding Plaintiff's efforts, Defendant has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continues to publish and disseminate such inaccurate

information to other third parties, persons, entities, and credit grantors. Defendant has repeatedly published and disseminated consumer reports to such third parties from at least April 2025 through the present.

17. Despite Plaintiff's efforts, Defendant has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any court records, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

18. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to report on the results of its reinvestigations to all credit reporting agencies, has failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

19. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of

its agency or employment, and under the direct supervision and control of the Defendant herein.

20. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT 1 – VIOLATIONS OF THE FCRA
## (PLAINTIFF V. TRANS UNION)

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the

requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

26. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

27. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

*/s/ Siobhán E. McGreal*
Siobhán E. McGreal, Esquire
Mark D. Mailman, Esquire
**FRANCIS MAILMAN SOUMILAS P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000
smcgreal@consumerlawfirm.com

Dated: November 11, 2026 ***Attorneys for Plaintiff***